## CIRCUIT COURT OF WISE COUNTY

Regina Mabe

v.

Paul Mabe

February 17, 1987

Case No. C83-319

By JUDGE J. ROBERT STUMP

After considering the voluminous depositions, several *ore tenus* hearings, and argument of counsel, the court makes the following findings of fact and law.

### Divorce

The court does not find sufficient corroborated evidence to establish cruelty against the husband as alleged by the wife. The wife left the husband on September 4, 1983. Furthermore, the evidence does not constitute sufficient cause for a divorce on grounds of constructive desertion as alleged by the wife.

The court finds strict, satisfactory and conclusive evidence of several acts of adultery committed by the wife after separation of the parties. The wife denies adultery, but it is proven by clear, positive and convincing evidence, both direct and circumstantial.

Wherefore, the court grants the husband a divorce on the grounds of adultery and desertion by the wife.

## Spousal Support

Both parties seek spousal support. Due to the finding of fault against the wife the court will not grant her spousal support. The husband is not guilty of fault and has been granted the divorce. But the court finds that the wife has no income and is physically unable to work. Therefore, she does not have the ability to pay spousal support to the husband. So the husband will not be granted spousal support from the wife.

## Custody of the Children

The parties have two natural children born of the marriage (Tina and Tim), and two adopted children (Ruth and Joey). Tina and Ruth are now over the age of eighteen and not subject to the court's jurisdiction. Joey (date of birth, 12/26/70) and Tim (date of birth, 8/12/71) have resided with their mother throughout this three and one-half year divorce action. The two boys, ages 15 and 16, testified that they desire to live with their mother.

Wherefore, the court awards custody of Joey and Tim to the mother. Although the mother denies it, there is substantial evidence that a man is living part-time with the mother. Wherefore, the court awards custody of the children on the following conditions: (1) that the Department of Social Services supervise the custody of these children and provide protective services; and (2) that no male (not married to the mother) reside and cohabit, temporarily or permanently, with the mother during the minority of these two children.

## Child Support

Both parties are physically and/or mentally unable to work. The only source of monthly income is through the husband's Social Security disability payments. Upon entry of a final divorce decree the wife's Social Security benefits will cease. The husband's monthly Social Security benefits pay Tim $179.00 and Joey $269.00. The court does not order any further child support by the father.

### *Visitation Rights*

The father is granted overnight visitation rights with Joey and Tim every weekend from Friday to Sunday evenings; and liberal and reasonable visitation rights during weekdays.

### *Equitable Distribution*

### *Classification*

#### 1. *Real Estate: Lot, House converted into Doublewide and Furniture*

During the marriage husband and wife purchased a one-half acre lot and house as tenants by the entirety. After separation the wife had the husband's name as beneficiary removed from the fire insurance policy. Subsequently the house burned. All fire insurance benefits were paid to the wife, who undisputedly purchased in her name a doublewide mobile home and furniture with the insurance proceeds. The doublewide was set (not permanently attached) on concrete footers on the original one-half acre lot jointly owned by the parties.

Since the one-half acre lot remains in the joint name of both parties as tenants by entirety and was acquired during marriage, this real estate will be classified as marital property.

On face value the doublewide and all furniture therein appears to be separate property of the wife, since they are titled in her name, were acquired after the last separation of the parties, and is personal property, not permanently attached to the jointly owned real estate.

However, beauty for the wife is only skin deep. The court looks behind the facade, uses its good common equitable sense, and finds that the doublewide and all furniture therein is marital property. This conclusion is based on the following reasons: (1) After separation the wife successfully and wrongfully removed her husband's name (without his knowledge or consent) as beneficiary from the fire insurance policy, thus fraudulently converting the proceeds from marital property at the time of the fire into what appeared to be her own separate personal property; (2) it is undisputed that the fire insurance

proceeds are easily traceable from an one-half undivided interest owned by the husband in jointly owned marital property; and (3) therefore, created a resulting trust, now being held by the wife in her name in favor of and for the benefit of the husband.

## 2. *Workers Compensation Award*

During the marriage and after separation of the parties the husband was injured while employed and received a workers compensation award.

Virginia is a marital property presumption state, and workers compensation awards are not considered, even though the award is based on personal injuries to the husband, to be separate property. Virginia's workers' compensation statutes were enacted to benefit both the worker and his dependents, including the wife. Therefore, the court classifies this award as marital property.

The husband's workers compensation award was $6,755.69. At an *ore tenus* hearing on February 3, 1987, the court allowed the husband through his committee to spend the sum of $3,755.69 of said award to pay for a mobile home and other pressing debts. This left a net balance in cash of $3,000.00, which the court now grants to the wife, who also has pressing medical bills. Therefore, the total workers compensation award shall be deducted from the marital property and the equitable distribution thereof, except that the sum of $377.84 (½ of the net distributed difference of $755.69) shall be credited to the wife as marital property in the final equitable distribution as hereinafter described.

## 3. *Personal Injury Award*

During the marriage and before separation of the parties, the wife received a personal injury settlement arising from an automobile accident.

"States (including Virginia) which have a presumption of marital property (i.e. all property acquired during marriage is presumed to be marital) are likely to hold that all components of a personal injury claim received during the marriage are marital property." Golden, *Equitable Distribution of Property*, § 6.25 p. 195. At this time

there are no Virginia cases on point, and this court rejects this conclusion.

The wife's settlement was not based on medical payments or loss of wages, but was awarded to her personally for her injuries, pain and suffering. An inchoate personal injury claim is not "property"; rather, it is merely the legal substitute for pain, suffering and mental and physical disabilities incurred; and "this restoration can be likened to an exchange for property possessed before the marriage (i.e. physical and mental health)." This court opines that this is a personal right or claim belonging exclusively to the injured party. Therefore, this court holds that the personal injury award to the wife was separate property. *Amato* v. *Amato*, 180 N.J. Super. 210, 434 A.2d 639 (1981).

The undisputed evidence shows that the wife received a net personal injury settlement of $17,125.00, and put $11,800.00 of that amount towards the original purchase during marriage of the jointly owned lot, house and furniture. Therefore, the court finds that the $11,800.00 separate property should be credited to the wife, and is traceable to the marital property (the lot, doublewide and all furniture therein).

### *Valuation*

1. *Marital Property*

A. Real Estate:

| | |
|---|---|
| One-half Acre Lot | $ 6,000.00 |

B. Personal Property:

| | |
|---|---|
| 1. Doublewide | $30,000.00 |
| 2. Furniture | $ 5,000.00 |

C. Husband's Workers Compensation Award of $6,755.69 already distributed as aforesaid _____

| | |
|---|---|
| TOTAL | $41,000.00 |

2. *Separate Property*

A. Wife's Personal Injury Award
   (Traceable to marital property:
   Lot, Doublewide and furniture)          $11,800.00

B. Wife's Undistributed Portion of
   Workers Compensation Award             $   377.80
                                          _____

                 TOTAL                    $12,177.84

3. *Amount for Equitable Distribution*      $28,822.16

### Distribution

The court does not order partition of the jointly owned one-half acre lot at this time, but retains jurisdiction for the purpose of future partition, if applicable and/or necessary.

Pursuant to Va. Code § 20-107.3 and based upon the equities and the rights and interests of each party in the marital property, the court hereby grants a monetary award in the sum of $14,411.08, payable by the wife to the husband:

1. either in a lump sum; or

2. over a period of ten years at a monthly fixed amount of $182.64, which shall include interest at the fixed rate of 9%; or

3. a third option: The court grants to the wife the following option in the event the wife is forced to convey the marital property now to satisfy the monetary award. The husband has a modest mobile home, wherein he provides a domicile for his daughter and her child and a home for his other children to visit. The wife has custody of Tim and Joey and needs a home to provide for their benefit. Therefore, the court will not approve a conveyance of the marital property to satisfy the monetary award until on or after August 12, 1989, the majority birthdate of the youngest son, Tim. If the wife accepts this option of payment, the court will postpone the monetary payment to the husband until after said date and sale

of the marital property. This will allow the two minor children the use and benefit of the marital property until the youngest child's majority. Also the court considers that the wife will have no source of income to make monetary payments to the husband or a bank at the present time. Upon the sale of the marital property aforesaid the total purchase price of the lot, doublewide and all furniture therein will be divided equally between the husband and wife after the sum of $12,177.84 is deducted for the benefit of the wife as aforesaid. The court considers here that the parties will share equally the market price at that time subject to depreciation or appreciation, whichever occurs. Also the court recommends that if this option is chosen an exact listing of the furniture in the doublewide be made and maintained, including present purchase prices; etc.

The court finds that the parties should share equally in the distribution of the marital property.

In granting the monetary award and the optional methods of payment to the husband, the court has considered the following factors pursuant to Va. Code § 20-107.3(E):

1. Both parties have equally contributed to the well being of the family.

The husband has provided money through employment, workers compensation benefits on several occasions when he was injured, and Social Security disability benefits. During periods of being laid off from work and throughout the marriage, husband has provided nonmonetary and homemaking services to the family.

The wife has periodically worked at several jobs mostly during periods that husband was laid off from work due to employment injuries and at other times during the marriage. She has also provided substantial homemaker or nonmonetary services to the family.

2. Both parties have contributed equally, nonmonetary and monetary, to the acquisition and care and maintenance of the marital property.

3. The duration of the marriage is almost twenty years.

4. Both parties are of approximate equal age (36 and 38, respectively), and both are in bad physical and/or mental condition and unable to work.

5. Although the court found the wife guilty of adultery after the separation and that cruelty by the husband

was not corroborated, the husband "ain't no saint"; and there is sufficient evidence to convince the court that the husband's mental and violent disposition contributed to the dissolution of the marriage.

6. The items classified as marital property were acquired during the marriage and should be equally shared between the parties. The reasons and grounds for the classification of marital property have been previously discussed and are considered herein by reference.

7. Both parties have substantial and equal debts arising out of the marriage, after separation and due to their mental and/or physical disabilities (medical and doctor bills, and medications). Only the aforedescribed marital property serves as security for the payment of said liabilities.

8. There are no pension or retirement funds. The only source of income now is the Social Security disability benefits through the husband, which the wife loses on dissolution of the marriage.

9. The marital property is nonliquid.

10. There are no tax consequences of the parties and are not considered herein.

11. Other factors: The husband has purchased and is living in a modest mobile home with his daughter, Tina, and his grandchild. His brother has been legally appointed committee to manage financial affairs of the husband. His only source of income is Social Security disability benefits.

The wife suffers from several physical disabilities, is unable to work, and upon dissolution of marriage she loses all monthly Social Security benefits. She will continue to receive Social Security for her two sons residing with her until the youngest son reaches majority.